Filing # 151844616 E-Filed 06/21/2022 08:01:54 AM

|  | IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA |
|---|---|
|  | CASE NO.: <br> DIVISION: |

**JONATHAN LEE WATTS,**

    Plaintiff,

**vs.**

**THE TRAVELERS INDEMNITY COMPANY**, a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, **JONATHAN LEE WATTS**, by and through his undersigned attorneys, and hereby sues the Defendant, **THE TRAVELERS INDEMNITY COMPANY**, and alleges the following:

### JURISDICTION AND VENUE

1.    This is a personal injury action for damages which exceeds $30,000.00, exclusive of interest, costs and attorney's fees.

2.    At all times material hereto, Defendant THE TRAVELERS INDEMNITY COMPANY, was a foreign profit corporation, which was and is doing business in the State of Florida, Duval County, Florida.

3.    On or about July 18, 2019, Gray Edward Rivera negligently operated or maintained the motor vehicle he was driving so that it collided with the motor vehicle JONATHAN LEE WATTS was operating.

4.    Gray Edward Rivera was an underinsured/uninsured driver.

5. Venue is proper in Duval County, Florida, as the Defendant conducts business in Duval County, Florida.

## COUNT I – UNINSURED/UNDERINSURED MOTORIST CLAIM AGAINST THE TRAVELERS INDEMNITY COMPANY

The Plaintiff re-incorporates and realleges paragraphs 1 through 5 as though fully set forth herein.

6. At all times material hereto, JONATHAN LEE WATTS was an insured on a policy issued to Bad Boy, Inc which includes uninsured/underinsured motorist coverage for bodily injury in the total amount of $1,000,000.00. A copy of the insurance declaration for the insurance policy from THE TRAVELERS INDEMNITY COMPANY is attached as Exhibit "A."

7. Plaintiff JONATHAN LEE WATTS is covered under the above-referenced policy.

8. As a direct and proximate result of the negligence of Gray Edward Rivera, the Plaintiff, JONATHAN LEE WATTS, was injured in and about his body and/or aggravated a pre-existing condition, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, mental anguish, inconvenience, suffered significant scarring and disfigurement, emotional distress, sustained temporary and permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of an important bodily function, and has lost the capacity for the enjoyment of life.

9. In that the injuries suffered by Plaintiff are continuing in nature, he will continue to suffer pain, disfigurement, scarring, emotional distress, physical handicap and permanent injury in the future, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, JONATHAN LEE WATTS, demands judgment for damages, including costs, against the Defendant, THE TRAVELERS INDEMNITY COMPANY, and requests trial by jury on all issues in this cause.

**COUNT II**
**VIOLATIONS OF F.S. SECTION 624.155 – THE TRAVELERS INDEMNITY COMPANY FOR THE MOTOR VEHICLE COLLISION**

The Plaintiff readopts and realleges the allegations of paragraphs 1 through 9 above as if fully contained herein.

10. Plaintiff, JONATHAN LEE WATTS timely reported his claim for the July 18, 2019 motor vehicle collision to THE TRAVELERS INDEMNITY COMPANY and otherwise complied with all of his obligations under the subject Policy.

11. As a result of the losses, injuries and damages caused by the negligence of the uninsured/underinsured motorist involved in the July 18, 2019 crash and the relationship between the parties under the Policy, THE TRAVELERS INDEMNITY COMPANY owed a duty to Plaintiff, JONATHAN LEE WATTS, to attempt in good faith to settle Plaintiff's uninsured/underinsured motorist claim when, under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff, JONATHAN LEE WATT'S interests. THE TRAVELERS INDEMNITY COMPANY further owed to Plaintiff, JONATHAN LEE WATTS, a duty to refrain from engaging in unfair claim settlement practices.

12. THE TRAVELERS INDEMNITY COMPANY breached its duties to Plaintiff, JONATHAN LEE WATTS, in violation of Florida Statute §624.155, by:

    a. Failing to attempt in good faith to settle Plaintiff, JONATHAN LEE WATTS', uninsured/underinsured motorist claim concerning the July 18,

3

    2019 motor vehicle collision when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's, JONATHAN LEE WATTS', interests, who was an insured, in violation of Florida Statutes §624.155(1)(b)(1),;

b.  A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy, in violations of Florida Statutes §626.9541(1)(i)(2);

c.  Engaging in unfair claims settlement practices in violation of §626.9541(1)(i)(3) a, b, c, d, e, f, g, and h, Florida Statutes. More specifically, THE TRAVELERS INDEMNITY COMPANY:

  i.  failed to adopt and implement standards for the proper investigation of claims, including coverage;

  ii.  misrepresented pertinent facts or insurance policy revisions relating to coverages at issue;

  iii.  failed to acknowledge and act promptly upon communications with respect to Plaintiff, JONATHAN LEE WATTS' uninsured/underinsured claim concerning the July 18, 2019 crash, including its failure to properly respond to Plaintiff, JONATHAN LEE WATTS multiple demands for payment of all uninsured/underinsured benefits under the policy;

      iv.      denied claims without conducting reasonable investigations based upon available information;

      v.      failed to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed;

      vi.      failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

      vii.      failed to promptly notify Plaintiff, JONATHAN LEE WATTS, of any additional information necessary for the processing of the uninsured/underinsured claim concerning the July 18, 2019 crash, including what information THE TRAVELERS INDEMNITY COMPANY'S employees required to properly assess and determine whether Plaintiff was afforded coverage pursuant to THE TRAVELER INDEMNITY COMPANY'S policies and procedures; and

      viii.      failed to explain the nature of the requested information and the reasons why such information is necessary.

13.    The acts complained of herein constituted THE TRAVELER INDEMNITY COMPANY'S general business practices in that they were (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by THE TRAVELER

5

INDEMNITY COMPANY'S to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

14. As a direct and proximate result of THE TRAVELER INDEMNITY COMPANY'S actions and/or inactions as set forth above, Plaintiff, JONATHAN LEE WATTS, has been damaged.

15. As a result of THE TRAVELERS INDEMNITY COMPANY'S failure to act in good faith and statutory violations alleged above, Plaintiff, JONATHAN LEE WATTS is entitled to recover the total amount of her damages pursuant to Florida Statutes §627.727(10), including all damages suffered as a result of the July 18, 2019 motor vehicle collision, and all damages caused by THE TRAVELERS INDEMNITY COMPANY'S failure to act in good faith and committing of the statutory violations alleged above.

16. THE TRAVELERS INDEMNITY COMPANY'S violation of §624.155, Florida Statutes, has caused damages to Plaintiff, JONATHAN LEE WATTS, of interest on unpaid benefits, pre-judgment interest accrued since the date of THE TRAVELER INDEMNITY COMPANY'S violation; attorneys' fees incurred by Plaintiff, JONATHAN LEE WATTS in the prosecution of his claim for uninsured/underinsured motorist benefits and prejudgment interest thereon; costs incurred in the prosecution of Plaintiff's, JONATHAN LEE WATTS', claim for uninsured/underinsured benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff, JONATHAN LEE WATTS', claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

17. As a further direct and proximate result of THE TRAVELERS INDEMNITY COMPANY'S failure to act in good faith and statutory violations alleged above, Plaintiff,

JONATHAN LEE WATTS, had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by THE TRAVELERS INDEMNITY COMPANY. By operation of law, including § 627.428, Florida Statutes, THE TRAVELERS INDEMNITY COMPANY will be obligated to pay those fees upon the successful conclusion of Plaintiff, JONATHAN LEE WATTS', claim.

18.   All conditions precedent to Plaintiff's, JONATHAN LEE WATTS', rights to bring this action have occurred or been satisfied.

**WHEREFORE**, Plaintiff, JONATHAN LEE WATTS, demands judgment against Defendant, THE TRAVELERS INDEMNITY COMPANY, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to §624.155, 627.727(10), and §627.428, Florida Statutes, costs, and any and all other relief this Court deems necessary and proper.

DATED this 21st day of June, 2022.

        COKER LAW

        */s/Fraz Ahmed*
        **FRAZ AHMED, ESQUIRE**
        Florida Bar No.: 25653
        E-mail:   fa@cokerlaw.com
                    clw@cokerlaw.com
                    kaa@cokerlaw.com
        **DANA A. JACOBS, ESQUIRE**
        Florida Bar No.: 59053
        E-mail:   daj@cokerlaw.com
                    srh@cokerlaw.com
                    mld@cokerlaw.com
        136 East Bay Street
        Jacksonville, Florida 32202
        Telephone: (904) 356-6071
        Facsimile: (904) 353-2425
        *Counsel for Plaintiff*